# Wheeling.

## CARLOS A. SPERRY vs. GRANVILLE GIBSON AND WIFE.

### January Term, 1869.

Land was conveyed to P., the wife of G., after marriage, by deed; in 1855, it was returned delinquent and sold for the non payment of taxes for 1850–51, and H. became the purchaser. Before the expiration of two years from the purchase, P., the wife tendered to H. the amount of the taxes with interest and damages, which H. refused to receive, but obtained a deed from the clerk of the county court for the land. H. subsequently sold the land to H., who sold the land to S. S. brought an action of ejectment against G. and wife, obtained jndgment and writ of possession. G. and wife obtained an injunction to the operation of the writ. HELD:

1. That it was the duty of H. to have received the money for taxes, interest and damages when tendered, and released to P., the wife, the benefit of his purchase, and having failed to do so she has the right to go into a court of equity to compel him, his heirs or assigns to do so, and the injunction, so far as it effects the rights of the wife, was properly perpetuated below.

2. It is a general principle that where a party may defend himself at law equity will not interfere, and where he might have done so but has failed to do it he shall not have relief by bill in equity, unless he was prevented by fraud or accident or the act of the opposite party unmixed by fraud or accident on his part.

3. G., the husband, could not defend himself against the legal right of S. to recover possession, at law, holding the land not in his own right, but in right of his wife. The fact that the wife had offered to redeem the land could not be set up by the husband, at law, to defeat the deeds of S., and the only remedy is in a court of equity. The equity of the case requiring a conveyance of the land from S., to P., the wife, the foundation of the judgment against the husband was taken away, and the injunction was properly perpetuated as to him in the court below.

In 1847, James Vickers conveyed in fee to Polly Gibson a tract of land on the Rocky Fork of Pocatalico river, Kanawha county, containing 300 acres.

Polly Gibson was at the time a married woman, the wife of the appellee, Granville Gibson. She had a large family.

Her husband, herself and family were living on this land, which was about all they had.

The land was assessed for taxes in the name of the wife and was returned delinquent for the non payment of taxes thereon for the years 1850 and 1851, though it was proved that there was plenty of property on the farm out of which the taxes could have been made.

The taxes so returned delinquent amounted to 1 dollar and 67 cents; under this assessment and return, the land was sold October 15th, 1855, to William Howell for 1 dollar and 67 cents.

In January, 1857, Mrs. Gibson offered the purchaser, William Howell, 25 dollars to redeem the land.

Mary Jane Keeling's deposition was as follows: "I was present when Mrs. Gibson offered Mr. Howell 25 dollars to redeem her land in January, 1857; I don't recollect the day of the month; it was at Mr. Howell's house; I recollect her asking him if he would take that. He made no direct reply, but shook his head, and said he had it in his power to make a spec, and he intended to do it."

"Did Mrs. Gibson, at the time above referred to, have the money in her hand ready for said Howell, if he had consented to accept it? Answer, she did."

The tender was made, as before stated, in January, 1857.

On the 23d of January, 1858, William Howell obtained his deed, founded on the tax sale, from the clerk of Kanawha county.

On the 30th day of January, 1858, a week after he got his deed, he conveyed the land for 75 dollars to James M. Harrison with special warranty.

On the 1st day of March, 1866, James M. Harrison conveyed the land with special warranty to Carlos A. Sperry, the appellant.

Sperry immediately afterwards commenced an action of ejectment in the Kanawha circuit court against Granville Gibson, the husband, (the wife not being a party thereto,) in which action he recovered judgment at the April term, 1867, against the husband.

The complainants on the 8th of May, 1867, filed their bill in chancery in the circuit court of Kanawha against William A Howell, James M. Harrison, Carlos A. Sperry, the sheriff, and George, Ann M. and Sampson Gibson.

The bill alleged the tender to Howell. That the land should have been assessed in the name of the husband, he being tenant by courtesy. That the wife had the right to redeem until two years after her disability as a *feme covert* ceased. That the tax deed was fraudulently obtained.

The prayer of the bill was that the plaintiff in the ejectment be enjoined from enforcing his judgment.

Sperry and Harrison answered jointly. They did not deny the tender.

Howell answered. He denied the tender.

The decree, December 31st, 1867, perpetuated the injunction.

Sperry appealed to this court.

*Sperry* for the appellant.

We insist on all the points of error made in the petition for an appeal.

The question of jurisdiction arising under the second point of error, has been so often the subject of judicial investigation and decision that we think it not amiss to refer the court to some authorities upon it.

In *Allen, Walton & Co.* vs. *Hamilton*, 9 Grat., 255, the court refused to relieve the bail from a judgment against him, because he failed to make defence at law and furnished no adequate excuse for his failure. The alleged excuse was that his counsel advised him that it was unnecessary to make defence. The court says, "if without fraud on their part they have got a legal advantage they cannot be deprived of it because the other side has acted upon an erroneous impression of his own, or the mistaken advice of his counsel. Page 258.

In *Meem* vs. *Rucker*, 10 Grat., 506, it was held that an injunction to a judgment at law cannot be sustained merely because the party failed to make his defence, from igno-

COURT OF APPEALS OF WEST VIRGINIA.

rance of the nature of the proceeding against him, and a mistake, or misapprehension of the steps necessary to be taken, and further, that he must not only aver a sufficient excuse but must prove it.

In *George* vs. *Strange's ex'or*, 10 Grattan, 499, the court held that an injunction to a judgment at law will not be sustained to allow the defendant to·set up payments and offsets which he might have pleaded at law.

In all these cases the merits were clearly with the plaintiffs in equity seeking relief against the judgment at law, but they failed to obtain relief because they should have defended themselves at law, and had furnished no·adequate excuse for not doing so.

In *Slack* vs. *Wood*, 9 Grat., 42, the court reviews the doctrine and authorities upon the subject of jurisdiction, and says, "the ground on which relief is granted is confessedly somewhat narrow and restricted. It is not sufficient to show that injustice was done, but it must appear also that it was not occasioned by the inattention of the party complaining. A bill seeking relief of this character is watched by equity with extreme jealousy. *Bateman* vs. *Willoe*, 1 Sch. & Lef., 201. Rules are established, some by the legislature, some by the courts themselves·for the purpose of putting an end to litigation, and it is more important that an end should be put to litigation than that justice be done in every case." *Ib.*, 204.

In the case of *Floyd* vs. *Jayne*, 6 Johns. Chy. Rep., 479, Chancellor Kent states the settled doctrine and practice of the courts of equity, as well as courts of law, to be that a party is not entitled to relief after verdict upon testimony, which with ordinary care and diligence he might have procured and used upon the trial at law; and he adds, "that it would be establishing a grievous precedent, and one of great public inconvenience, to interfere in any other case than one of indispensable necessity and wholly free from any kind of negligence."

In *Faulkner's adm'r* vs. *Harwood*, 6 Rand., 125, it was held that a court of equity will not grant relief merely because

injustice has been done. The party applying for relief must show that he has been guilty of no laches; that he has done everything that could reasonably be required of him to render his defence effectual at law.

These doctrines have been enunciated and acted upon by the court of appeals of Virginia from the days of Judge Roan to the present time, as may be seen by an unbroken series of decisions. *De Lima* vs. *Glassell's adm'r*, 4 Hen. & Munf., 360; *Turpin* vs. *Thomas*, 2 Hen. & Munf., 139; *Auditor* vs. *Nicholas*, 2 Munf., 31; *Fenwick* vs. *Macmurdo*, 2 Munf., 244; *Oswald* vs. *Tyler*, 4 Rand., 19; *Berne* vs. *Mann*, 5 Leigh, 364; *Tapp* vs. *Runkin*, 9 Leigh, 478; *Donally* vs. *Ginnatt*, 5 Leigh, 359; *Arthur* vs. *Chavis*, 6 Rand., 142; *Haden* vs. *Garden*, 7 Leigh, 157; *Turner* vs. *Davis*, 7 Leigh, 227.

Apply the principles of these cases to the one under consideration, and it must appear that a court of chancery has no jurisdiction of the case and can afford no relief.

The bill affords no excuse for not making adequate defence at law. It sets forth the chain of title upon which the appellant recovered in his action at law, and avers that the deed from Quarrier, clerk, to Howell (a necessary link in his chain of title) was "utterly null and void." Thus, instead of furnishing an excuse for not making his defence at law, he shows the want of excuse.

If the deed was null and void why did not the defendant show it at law? He certainly appeared and made the most vigorous defence he could. Every question involved in the case as it now stands is a legal question, proper for a legal forum, and only proper for such a forum. There is not a pretence of an excuse furnished in the bill, much less in the proof, for not making a proper defence in that court. It is no excuse to say that the title in fee was in the wife, and that her interest alone was sold, which did not effect the life estate of the husband. Take this to be true, as very probably it is under a decision of this court in *Lewis* vs. *Smith*, 2 W. Va. Rep., and it only tends the more conclusively to show a want of jurisdiction in the chancery court. The

husband had a life estate in the land.    This was a legal estate.    What has become of it?    Was it not recovered in the ejectment?    What excuse does he make for not defending this legal title or estate at law?    The answer is, none whatever.    Then, upon the principles of the cases quoted, how can he have relief here?

The conclusion is inevitable that the life estate is gone, and gone forever.

It is vain to attempt to save the life estate by connecting the wife with her husband in a bill for relief.    If she could be relieved he cannot.    The bill will be obliged to be dismissed as to him.

Is it any better as to her?    We think not.    Her estate is a legal estate.    His underlies hers.    His is gone.    If she has any right to redeem, as she says she has, the law will furnish her with the remedy at the right time.    Let her redeem, which is a legal right, and a court of law will afford her all the relief which she may be entitled to.    She certainly has not redeemed as yet.    She has not paid or tendered the money necessary to redeem, and she certainly has not filed it with the clerk as required by law.

It may be said that after the expiration of the life estate the evidence of her having redeemed (if redeem she can before) may be lost, and this may be an excuse for coming now.    But this is no adequate reason.

Let her file her bill to perpetuate the testimony, if she has any, that may be lost.

*Lamb & Paull* for the appellees.

MAXWELL, J.    The appellee obtained an injunction in the circuit court of Kanawha county to prevent the appellant from enforcing a judgment obtained in said court against the said Granville Gibson for the possession of a tract of 200 acres of land.    The bill charges that after the marriage of the complainants a tract of 200 acres of land was conveyed to the said Polly Gibson, and her heirs, by deed, bearing date in 1847; that the said tract of land was sold

528    COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,        Sperry vs. Gibson and wife.        1869.

in the year 1855 for the non payment of taxes, charged thereon for the years 1850 and 1851, and purchased by William A. Howell; that the said tract of land was charged with taxes, returned delinquent and sold in the name of the said Polly Gibson; that on the 23d day of January, 1858, the clerk of the county court of Kanawha county made to the said Howell a deed for the said tract of land; that the said Howell, by deed, bearing date January 30th, 1858, conveyed the said land to James M. Harrison, who conveyed the same to Sperry, by deed, dated March 1st, 1866; that the said Sperry afterwards instituted his action of ejectment against the said Granville Gibson in the circuit court of Kanawha county, and at the April term, 1867, thereof, obtained a judgment against him for the possession of the said land, on which judgment a writ of *habere facias possessionem* was placed in the hands of the sheriff to be executed.    The bill further charges that soon after the said land was purchased by the said Howell, and long before the expiration of two years from the time of said purchase, the said Polly tendered to the said Howell the amount which he had paid for the same, with the additional taxes he had paid thereon, and interest on the same at ten per centum per annum from the time when paid, and that he refused to accept the said tender, and on the expiration of the two years fraudulently and unlawfully obtained the said deed from the clerk for the said land.

Howell, Harrison and Sperry were made defendants, all of whom demurred to the bill.    The defendants, Sperry and Harrison filed a joint answer and admitted that the land was sold in the name of Polly Gibson, purchased by Howell and conveyed afterwards, as charged in the bill, and that a judgment was obtained, as charged, for the possession of the said land.    They say that if the deed was obtained by fraud they know nothing about it.    They further deny that a tender to the party who purchased the land is sufficient, if refused by him.    They also deny that Polly Gibson has any right to redeem while she remains a *feme covert.*

The defendant, Howell, filed a separate answer, and made

pretty much the same admissions, except as to that he denied that any tender was ever made to him, either before or since he obtained his deed from the clerk. He denies that said deed was fraudulently or unlawfully obtained.

I think it sufficiently appears, from the evidence, that Mrs. Gibson did, before the expiration of the two years from the date of the purchase by Howell, tender to him, as charged in the bill, the amount for which the land was sold, with the additional taxes he had paid thereon and interest on the same at ten per centum per annum from the time when paid. It was the duty of Howell to have received the money when tendered, and to have released to Mrs. Gibson the benefit of his purchase, but having failed to do so, she has the right to go into a court of equity to compel him, his heirs or assigns, to do so. The decree of the court, therefore, so far as it affects the rights of Mrs. Gibson, is substantially correct. It is claimed, however, that the judgment in the action of ejectment against her husband is conclusive against him and cannot be inquired into in a court of equity, because he might have defended himself at law but failed to do so.

It is a general rule that where a party may defend himself at law, equity will not interfere; and where he might have done so but has failed to do it, he shall not have relief by bill in equity unless he was prevented by fraud or accident, or the act of the opposite party unmixed with negligence on his part. How does this rule apply in this case? Gibson was not prevented by fraud, accident, surprise, or the act of the opposite party, from making his defence. But was his defence such as could have been made in a court of law? The plaintiffs' right to recover depended upon the tax deed to Howell, the deed from Howell to Harrison, and from Harrison to him, all of which were regular, formal, legal deeds. The plaintiff had the legal right to recover the possession of the land from the husband who held it in right of his wife, not in any right of his own. The fact that the wife had made the tender and offered to redeem the land could not have been set up in a court of law by the

husband to defeat the deeds.    *Norvell* vs. *Camm and wife*, 6 Munf., 233.    The remedy is alone in a court of equity. Gibson is, therefore, entitled to relief in a court of equity. The equity of the case requiring a conveyance of the land from Sperry to Mrs. Gibson, the foundation of the judgment against Gibson is taken away, and the injunction to the judgment should have been, as it was, perpetuated.

The form of the decree complained of probably might have been different from what it is, but it is substantially correct, and must be affirmed, with damages and costs to the appellees.

The other judges concurred.

DECREE AFFIRMED.