# CHARLESTOWN.

## TOWNSHEND *v.* SHAFFER.

Submitted June 9, 1887.—Decided September 23, 1887.

1. FORFEITURE—TAXATION.

Courts do not favor a forfeiture, and require strict proof of the act or omission upon which it is claimed. (p. 178.)

2. FORFEITURE—TAXATION—SALF—RIGHT TO REDEEM.

In a suit by the person assessed with taxes for land, against the purchaser of such land for taxes, to set aside a tax deed to such purchaser, the latter can not, in such suit, controvert the right of the person so charged with taxes for which the land was sold to redeem the land. (p. 179.)

3. FORFEITURE—TAXATION—POWERS OF ATTORNEY—EXTENT OF.

A power of attorney by the owner of land, appointing the attorney to "protect all his interests in and title to the land," is sufficient authority for the attorney to redeem the land for the owner from the purchaser thereof at a sale for delinquent taxes. (p. 179.)

4. FORFEITURE—TAXATION—SALE—REDEMPTION—TENDER.

The owner of a tract of land sold for taxes, appointed the clerk of the County Court in which the land is situate his attorney to redeem the same from the purchaser at the tax-sale. The clerk, as such attorney, drew his personal check payable to the order of the purchaser for the amount of the purchase-money, for which the land was sold, with the interest accrued thereon, and sent it by mail to the purchaser, who received it within one year from the date of the sale, and returned it with the following note: "DEAR SIR: I can not accept this and release the land; will see you soon." Subsequently the purchaser obtained from said clerk a tax deed for the land. In a suit brought by the owner to have said deed cancelled, in which there was no evidence to show that he had paid anything more on the land than what was covered by the amount specified in the check, *held:* (1) The receipt of said check was, under the circumstances, equivalent to a tender of the amount therein specified, and operated as a redemption of the land.—(2) It was not essential to the perfection of the owner's right to redeem that he should pay the amount so tendered to the clerk, and obtain his official receipt therefor. (p. 179.)

*J. T. Hoke* for appellants.

No appearance for appellee.

'SNYDER, JUDGE :

Suit in equity brought in September, 1884, by S. L. Towns-hend and John Matthews against Gus. J. Shaffer, in the Circuit Court of Preston county, to set aside a tax-deed made by the clerk of the County Court of said county to the defendant, dated January 27, 1883, for 182¼ acres of land. The material facts appearing in the record are these : At a sale of lands for the non-payment of taxes, made by the sheriff of said county on January 2, 1882, the said 182¼ acres, which was charged for taxes in the name of the plaintiff Townshend, was sold for the taxes due thereon for the years 1879 and 1880, and purchased by the defendant for the sum of $60.68, being the amount of taxes, interest, damages, and commissions due thereon at the time of sale, including fee for receipt. Prior to the sale, the land had by executory contract been sold by Townshend to his co-plaintiff, Matthews, but no deed had been made conveying the same to Matthews. By separate powers of attorney, dated respectively on the fifteenth and twentieth days of December, 1882, the said Matthews and Townshend authorized J. Ami Martin, clerk of the County Court of said county, to do all things necessary to protect their interests and title to said land. After receiving these powers of attorney, the said Martin drew his check on the National Bank of Kingwood, dated December 29, 1882, payable to the order of the defendant, for "sixty-seven 96-100 dollars, in redemption of Townshend's land," and sent the said check by mail to the defendant. Martin had the money in the bank to meet said check, and it would have been paid if presented to the bank. The defendant received the check before the year allowed for the redemption of the land had expired, but returned it to Martin with a note in these words : "DEAR SIR : As I have paid considerable more than this on this land, I can not accept this and release the land ; will see you soon.—G. J. S." After one year from the date of sale, the clerk of the County Court made the deed which is sought to be set aside by this suit. By decree made November 28, 1885, the Circuit Court dismissed the plaintiffs' bill, and they have appealed.

The only question, which I deem it necessary to determine, is, whether or not the facts above stated operated as a re-

demption of the land. The defendant avers in his answer that, before he received the check for the redemption of the land, he had paid the taxes thereon for the year 1881, amounting to about $32; but as he fails to file any voucher or evidence of such payment, and there being a general replication to the answer, this averment amounts to nothing. There is no denial that the amount specified in the check was sufficient to redeem the land. The defences relied on by the defendant are—*First*, that neither of the plaintiffs had any title or right to redeem the land; *second*, he denies that the alleged powers of attorney to Martin authorized him to redeem the land; *third*, that the check of Martin was not money or a sufficient tender to operate as a redemption of the land; and, *fourth*, he avers in his answer, and relies on the fact, that said land was omitted from the land-book, and not charged to any person for taxes for more than five consecutive years prior to the year 1879, whereby the same had become forfeited to the State, and he, by virtue of the provisions of chapter 194, Acts 1871, p. 247, and his purchase at the tax-sale, became vested with the title of the State. It is a sufficient response to this last ground to state that there is a general replication to the defendant's answer, which avers the forfeiture, and not a particle of proof to sustain the averment. It is a familiar principle of law that courts do not favor a forfeiture, and require strict proof of the act or omission upon which it is claimed. Blackw. Tax-Titles, 529, (side p. 460); *Lohrs* v. *Miller's Lessee*, 12 Grat. 452; *Battin* v. *Woods*, 27 W. Va. 58.

1. In regard to the defendant's first ground of defence above stated, it is necessary to say but little. If neither of the plaintiffs had any title, legal or equitable, then the payment of the taxes or redemption of the land could not injure the defendant; for if either the defendant or some one else was the true owner of the land, the fact that the defendant had at the tax-sale purchased the plaintiffs' pretended title would amount to nothing. If the defendant was the owner, the tax-deed would be useless to him; and if some one else was the owner, and had paid the taxes thereon, such owner's title would not be affected by the tax-deed. But be this as it may, the defendant having purchased the land as belonging to

and assessed for taxes in the name of one of the plaintiffs, he is not in a position to question the right of that plaintiff to redeem. The statute declares that "the owner," etc., may redeem. Section 15, ch. 117, Acts 1872–73. The word "owner" here, as shown by the context, includes the person charged for the taxes as owner. This plaintiff would certainly have had the right to pay the taxes assessed against him ; and having that right before the sale, by necessary implication, he had the right to pay them within the time allowed by the statute after the sale, in order to redeem them, and prevent the transfer of his right or title, whatever it may have been. *Simpson* v. *Edmiston*, 23 W. Va. 675 ; Blackw. Tax-Titles, 478, (side p. 420.)

2. The second ground of defence denies that the alleged powers of attorney authorized Martin to redeem the land. These powers of attorney are in the record and appear to have been duly executed. They appoint Martin attorney for the plaintiffs, and expressly authorized him to protect all the interests of the plaintiffs in the title to the land which is described therein, and which is the land here in controversy. It seems to be thought by the defendant that these powers of attorney are insufficient, because they do not expressly authorize Martin to pay the taxes and redeem the land. In *Masterson* v. *Beasley*, 3 Ohio 301, it was held that a power of attorney to sell land authorized the attorney to redeem from a tax-sale. So, in *Patterson* v. *Brindle*, 9 Watts 98, a power "to take care of the land" authorized the attorney to redeem. Blackw. Tax-Title, 493, (side p. 432); *Chapin* v. *Curtenius*, 15 Ill. 427. "It is a well-established rule that statutes authorizing the redemption of lands sold for taxes are to be construed liberally in favor of the persons entitled to redeem." *Danser* v. *Johnsons*, 25 W. Va. 380, 385, and cases cited. It seems to me, therefore, that the powers of attorney were clearly sufficient to authorize Martin to redeem the land.

3. The only remaining question is : Did the acts of Martin as attorney for the plaintiffs operate as a redemption of the land? The defendant insists that the check of Martin was not money, and therefore did not constitute a good tender of the taxes. This Court has repeatedly decided, in cases of the

redemption of lands from tax-sales, that the legal incidents of a tender are not necessary, where the acts of the purchaser impliedly dispense with that formality. There is, for instance, no necessity for the actual production of the money, when the refusal to receive it is based, not on its non-production, but on an entirely distinct ground in nowise connected with the non-production, and such as by the strongest implication waives the necessity of such production. Green, J., in *Koon* v. *Snodgrass*, 18 W. Va. 333. See, also, *Danser* v. *Johnsons*, 25 W. Va. 380. The Code of Louisiana authorized a redemption, upon the condition that the owner would pay to the purchaser the amount of his bid, with all costs and charges, 8 per cent. interest, and the value of all improvements made upon the land. It was held that an offer to redeem by the owner, and a refusal by the purchaser to render an account, were equivalent to a redemption. *Brooks* v. *Hardwick*, 5 La. Ann. 675. A tender of the proper amount by one having the right to redeem, within the time allowed for redemption, will operate to defeat the title of the purchaser at the tax sale. *Schenk* v. *Peay*, 1 Dill. 269; *Halsey* v. *Blood*, 29 Pa. St. 319.

In the case before us, it is not pretended that the $67.96 was not the full amount paid by the defendant for the land, with interest and charges; nor is it questioned that the check was received within the year allowed for the redemption; neither did the defendant object to the check as a payment on the ground that it was not money or a legal tender; but the refusal to accept payment was upon an entirely distinct ground, in nowise connected with any of the grounds now insisted upon by him. The only objection made by him, and this he made in writing, was that he had paid considerably more than the sum mentioned in the check, on the lands, and informed Martin that he would see him soon. He did not say that he had paid taxes subsequent to his purchase, but simply that he had paid considerably more on the land. We have already shown that there is not a particle of evidence in the record that he paid anything as taxes or otherwise other than the $60.68 he paid as purchaser; nor is there any claim that he saw Martin, as he promised to do, or made any demand upon or further objection to him. His promise

to see Martin soon may have been made with the fraudulent purpose to deceive and prevent him from taking any further action to redeem the land until the time to do so had expired. In any event, if it should be decided that the acts of Martin did not operate as a redemption, the defendant would receive the benefit of his disregard of his promise and want of candor. It may be said, however, even admitting that the acts of Martin were equivalent to a tender of the amount required to effect the redemption, still, as the tender was refused by the defendant, it was his duty to pay the same to the clerk of the County Court, and take a receipt therefor, as provided by the statute. Section 16, ch. 117, Acts 1872–73. But in this case, Martin, the agent of the plaintiffs, was himself the county clerk. It is not shown whether or not he filed such receipt in his office, and the fact that he afterwards made the deed to the defendant would indicate that he did not do so; but the fact, that he drew his check on funds in the bank, shows that he had in his hands the money for the redemption, and his failure to file an official receipt in his office, upon the refusal of the defendant to accept the offer of payment, could not operate to the prejudice of the plaintiffs.

In *Byington* v. *Buckwalter*, 7 Iowa 512, it was held that the failure of the officer to enter a memorandum of the redemption of land in the list of tax-sales was not sufficient to invalidate the redemption, on the grounds that the party redeeming could not be held responsible for the omission of the officer. *Bacon* v. *Conn*, 1 Smeedes & M. Ch. 348; *Halsey* v. *Blood*, 29 Pa. St. 319; *Sperry* v. *Gibson*, 3 W. Va. 522. But this question has been settled by this Court in *Koon* v. *Snodgrass*, 18 W. Va. 320, in which it was decided that, where the proper tender was made within one year from the sale, and refused by the purchaser, it was not essential to the perfection of the owner's right to redeem that he should pay the amount so tendered to the officer.

For the reasons and upon the authorities aforesaid, I am of opinion that the decree of the Circuit Court must be reversed, and a decree entered by this Court, canceling the tax deed made to the defendant, and ordering the plaintiff Matthews to pay to the defendant the $67.96 tendered to him

in December, 1882, for the redemption of the land; and that the plaintiffs recover from the defendant their costs in this and the Circuit Court.

REVERSED.