# FALL-SPECIAL TERM.

## CHARLESTON.

POLING *et ux. v.* PARSONS.

Submitted June 12, 1893.—Decided November 4, 1893.

1. TAX-SALES—REDEMPTION.

A person seeking to redeem land sold for taxes should make a legal tender of the proper amount of actual, lawful money; but that will be excused if the purchaser place his refusal, not upon the non-tender of actual money, or because the amount is not the proper amount, but on the distinct ground that the party offering to redeem has no authority or right to do so.

2. TAX-SALES—REDEMPTION.—CONSTRUCTION OF STATUTES.

Statutes allowing redemption of lands sold for taxes must be liberally construed in favor of persons entitled to redeem.

W. B. MAXWELL for appellant, cited 3 Greenl. Ev. § 600.

BRANNON, JUDGE:

Appeal from Tucker county Circuit Court by Ward Parsons from a decree annulling a tax-deed to Parsons for land of Mary A. Poling. The question of fact in the case is whether a tender or offer to redeem was made. The evidence is substantially confined to the husband of Mrs. Poling on the one side and Parsons on the other; and as it is flatly contradictory and involves their credibility, though the burden of proof is on the plaintiffs, we may decide the case upon the principle stated fully by Judge SNYDER in *Smith* v. *Yoke,* 27 W. Va. 639—that where the depositions are conflicting, and different minds might reach different conclusions upon them, the appellate court will decline to reverse the chancellor, even though the appellate court might have come to a different conclusion, had it acted in

the first instance. It is a safe rule and has been many times followed in this Court. *Doonan* v. *Glynn*, 28 W. Va. 715; *Prichard* v. *Evans*, 31 W. Va. 137 (5 S. E. 461); *Frederick* v. *Frederick*, 31 W. Va. 566 (8. S. E. 295); *Reger* v. *O'Neai*, 33 W. Va. 160 (10 S. E. 375); *Bartlett* v. *Cleavenger*, 35 W. Va. 719 (14 S. E. 273); *Tennant* v. *Headlee*, 31 W. Va. 591 (8 S. E. 544); *Yates* v. *West Grafton*, 33 W. Va. 510 (11 S. E. 8); *Reed* v. *Nixon*, 36 W. Va. 683 (15 S. E. 416); *Reynolds* v. *Gawthrop*, 37 W. Va. 13 (16 S. E. 364); enforce the rule.

Shall this Court say that one rather than the other of these two witnesses, both subject to the bias of interest, spoke the truth? Before overruling the Circuit Court in such a case we should have strong and fixed conviction, that it erred. Without such strong and decided conviction it would be unsafe to do so.

The decree below found that a proper legal offer and tender to redeem had been made. Poling swears, that as agent for his wife he went to Parsons to redeem the land, took the money out of his pocket-book—out of his pocket —and said he wanted to settle the taxes, and did not want any trouble about it, and Parsons said he was not the one to redeem, and that he (Parsons) did not want anything to do with him (Poling) and rode away; that he did not show Parsons the money, as he would not let him do so, but rode off; and that he expected Parsons to state the amount necessary to redeem? Suppose this to be true as the court must have held. I shall not say that it was a perfect legal tender, because the money was not itself shown, nor the proper or any fixed amount tendered, but enough was done to have the same effect.

This Court, in *Koon* v. *Snodgrass*, 18 W. Va. 320, in a tax-sale case, said: "The proper mode of making a legal tender is to actually produce and proffer the exact sum due; but this may be dispensed with by the party to whom the money is to be paid, when he refuses to receive the money, not on the ground that the money is not produced, nor on the ground that the amount produced was not the exact amount, but on some collateral and entirely distinct ground."

It will not do, therefore, to say in this case that the very money itself was not produced to Parsons's sight, or that the proper amount was not produced, as Parsons declined to receive the money—denied Poling's right to act in the redemption of his wife's land when he was her agent and himself had initiate curtesy in the land—and rode away, and cut short every further act which the law could require at Poling's hand.

In *Danser* v. *Johnsons*, 25 W. Va. 380, a creditor entitled to redeem went to the agent of the purchaser and offered to pay the amount necessary to redeem the land, and had the money, and handed a receipt to the agent to sign; and he refused, saying he did not know that the creditor had right to redeem. That case like this depended on two witnesses—one saying he produced, the other that he did not produce or offer the money—and this Court seems not to have considered that material, and held the offer to pay the money sufficient, because the party denied the right to redeem, and that this justified payment to the clerk.

In *Townshend* v. *Shaffer*, 30 W. Va, 176 (3 S. E. Rep. 586) a check for the money to redeem was sent to the purchaser by mail, and he returned it with a note saying: "I can not accept this and release the land. Will see you soon." The Court held the receipt of the check was equivalent to a tender and operated as a redemption.

After this meeting between Poling and Parsons Poling deposited with the clerk of the County Court the proper sum to redeem the land. Poling states that on another occasion in front of the court-house he offered to pay the money to redeem. Thus it appears that the plaintiff had a sincere intention and made diligent effort to redeem—to do what the law required—and nothing but the exaction from her of the most rigid and technical legal tender can deprive her of her land—perhaps her only home—twenty nine acres, worth two hundred dollars, for the small sum of three dollars and fifteen cents.

The cases cited above evince a liberal disposition in the courts to effectuate a well-meant effort or offer to redeem, and excuse a dry, strict, legal tender, but they are conformable to the law relating to tender. This liberality is not

mere arbitrary license but follows the highest authority.

The United States Supreme Court, in *Dubois* v. *Hepburn* 10 Pet. 1, laid down the law to be, that the law authorizing redemption of land sold for taxes ought to receive a liberal and benign construction in favor of those whose estates will be otherwise devested; that the purchaser suffers no loss, having knowingly bought an estate liable to be defeated by redemption; and that it would seem not necessary for the purposes of justice, or to effectuate the object of the law, that the right to redeem should be narrowed down by strict construction.

It has been not untruly said that the sale of land for taxes is the instance, in which free government verges most nearly on tyranny, and that the law for redemption, the last chance of the citizen to save his property from forfeiture, should be applied liberally as a remedial statute. It was held in *Danser* v. *Johnsons*, 25 W. Va. 385, that redemption statutes ought to be construed liberally in favor of persons entitled to redeem. Cooley Tax'n 363.

Two children heard the conversation between Poling and Parsons, and say they saw no money or pocket-book but knew they talked about land. They are able to give no details, and their evidence is without effect. The testimony of Poling as to his offer to pay receives corroboration in the fact, that on the same day of the offer or the next day he deposited the money to redeem with the clerk. He would not be likely to do so, unless Parsons had refused to allow redemption. The fact tends to show that he prepared the money for redemption and sought Parsons for that purpose and made the offer to do so.

We can not see our way safely to reverse the decree, and it is affirmed.