# CHARLESTON.

SARAH J. ALLEN v. CITY OF CHARLESTON.

Submitted January 24, 1922.   Decided January 31, 1922.

1. INJUNCTION.

Injunction is the proper remedy to restrain a city from entering upon a person's land, and permanently appropriating the same for public use, without first obtaining right to do so in one of the modes provided for by law.   (p. 133).

2. SAME—*Sufficiency of Bill.*

A bill which alleges that the plaintiff has title to and possession of land adjoining a public street in a city, that the city threatens to invade the same and place thereon a permanent structure that will cause irreparable injury, avers lack of remedy at law and prays for an injunction to restrain the threatened injury, is not demurrable for want of equity.   (p. 135).

3. SAME—*Equity Not Deprived of Jurisdiction Because of Dispute as to Existence of Easement.*

Plaintiff files her bill alleging ownership in fee, enclosure and possession of a strip of land adjacent to a public street in the city of Charleston, and that the city threatens to take possession thereof, and place thereon a catch basin for drainage purposes, which would cause irreparable injury to plaintiff's property, and obtains a temporary restraining order. The city answers the bill, admitting title in the plaintiff to the land in controversy, except that it alleges ownership of an easement for street purposes over the disputed strip, which plaintiff denies; equity is not thereby deprived of jurisdiction because of such dispute and the court may proceed to a final determination of the right to such easement.   (p. 135).

Appeal from Circuit Court, Kanawha County.

Suit by Sarah J. Allen against the City of Charleston and others.   Decree for defendants, and plaintiff appeals.

*Affirmed.*

*Murray Briggs,* for appellant.
*Donald O. Blagg,* for appellee.

MEREDITH, JUDGE:

In 1883 the Glen Elk Company, a corporation  owning a

large area of land on the north-west side of Elk river  in Kanawha County, conveyed a tract of 87 acres, 1 rod and 4 poles to Anthony Allen, being lot No. 21 of the Hill land described up'on the map thereof, recorded in the clerk's office of the county court of said county, together with the use of the roads and ways laid down on said map, and which by will passed to the daughter of the grantee and who is the plaintiff in this case and the present owner of the property. At the time of this conveyance there was a public road known as the Elk Road, approximately 30 feet wide, running along the front of the property on the south side.     Between that road and Elk river lay a considerable tract of land which was owned by the Glen Elk Company and which in 1887 it platted into town lots, with intervening streets and alleys, and contributed sufficient of its own lands, together with the county road above mentioned to make this  county road 60 feet wide instead of 30 feet wide, and naming it on its plat "Crescent Road."

Some ten or twelve years ago the corporate limits of the city of Charleston were extended so as to include the southern portion of the Allen property, fronting on Crescent  Road, as well as Crescent Road itself, and the properties lying between Crescent Road and Elk river.

In 1916 or 1917 the city permanently improved a portion of Crescent Road by constructing a concrete road 24 feet wide, including curbs, in front of the Allen property, the greater portion thereof being on the southern half of the 60 foot road or street, and hence nearer the property lines on the southern side than on the northern side, being approximately 25 feet distant from an old fence line formerly maintained by plaintiff on the front of her property.

. For many years plaintiff and her predecessor in title kept a fence along the front of her property on the side next the road, and after the road was paved, she constructed a new fence between 20 and 25 feet south of her old line fence, and about 4 feet from the curb of the pavement.  In September, 1920, the city, claiming an easement for street purposes in that portion of the land lying between the curb line and plaintiff's old fence line, engaged W. J. Weakland & Co. to

construct upon said strip, at the head of a sewer extending under the road, a catch basin about 15 feet long, 8 feet wide and 8 feet deep, to catch the water, sand and debris collecting there from a small drain, called Gunter Hollow, so as to carry the water into said sewer and to keep the sand and debris from entering the sewer.

The work had proceeded but a short time, when plaintiff filed her bill and obtained an injunction against the city, its officers, agents, employees and said contractors, enjoining them from trespassing upon said land for any purpose. In her bill she alleges title and possession of said lands, irreparable damage and want of legal remedy, and also that about the time the city began the permanent improvement of the road, a dispute having arisen between her and the city as to the location of her property line and the street line, she and the city agreed that the true line between her property and the street line should be and was where her new fence was built, and which is about four feet from the line of the curb.

The defendants demurred to the bill and also filed an answer. In their answer they admit the plaintiff's title to her land, except they aver that the city owns an easement for street purposes over the disputed strip; that said strip had been dedicated to public use and so used for a roadway for a great many years, and defendant had for many years maintained a sewer through said strip to the line of the old fence; they also denied taking or damaging any of plaintiff's property or that they intended doing so, and likewise denied that there was any agreement between plaintiff and the city as to the true line between her property and said road, or that the road was paved in conformity to any such agreement.

Depositions were taken and filed on behalf of plaintiff and defendants; the cause was heard upon the bill, injunction order, demurrer, answer, general replication thereto and the depositions. The court found that the plaintiff was not entitled to the relief prayed for, dissolved the injunction and dismissed her bill at her costs.

From this decree plaintiff appealed to this court.

The first question involved is whether equity had jurisdiction. Plaintiff's title to the land in controversy, so far

as the fee is concerned, is admitted, but the city claims that this fee is subject to its easement for street purposes, and to that extent, and that only, plaintiff's title is denied by the answer.     If there were no dispute as to title, equity would, without question, have jurisdiction.     In the case of *Pierpoint* v. *Town of Harrisville,* 9 W. Va. 215, and *Yates* v. *West Grafton,* 33 W. Va. 507, 11 S. E. 8, it was held that injunction will lie to restrain a town from opening streets through a person's land, without first condemning it according to law, where there has been no dedication of such streets to the public use.     In each of those cases the defendants answered, admitting the title of plaintiff to the land over which the streets had been laid or constructed, but asserted a dedication thereof for street purposes, and on final hearing this court perpetuated the injunction till the town should acquire legal right to open such streets.     There the right or title to the asserted easements was determined in a court of equity.

In the case of *Jarvis* v. *Grafton,* 44 W. Va. 453, 30 S. E. 178, the plaintiff obtained an injunction restraining the town from opening an alley through premises claimed by her, and involved a dispute as to the existence of an easement, as in this case, she alleging that the town had no easement and it claiming it had.     This court reversed the finding of the circuit court, though there was conflicting oral testimony, found that the alley had been dedicated by a former owner of the property, and had been accepted by defendant, and dismissed plaintiff's bill.

In the case of *Wenger* v. *Fisher,* 55 W. Va. 13, 46 S. E. 695, the plaintiff obtained an injunction restraining the county court of Randolph County from making a change in the roads so as to take his lands.     Defendants demurred for want of equity in the bill, but the demurrer was overruled. Defendants answered that plaintiff had consented to such change in the road.     Numerous depositions were taken on both sides as to whether such consent had been given, and on final hearing the circuit court dissolved the injunction, but this court upon appeal held that equity had jurisdiction, and

on review of the testimony reversed the case and perpetuated the injunction.

One of the leading cases involving this question is that of *Manchester Cotton Mills* v. *Manchester,* 25 Gratt. (Va.) 825.   In that case the authorities of the town notified the plaintiff corporation that they intended to remove three brick buildings owned by plaintiff, which the authorities of the town claimed encroached on a street of the town. The plaintiff and its predecessors asserted title and possession for more than twenty years, the town claimed that the land had been dedicated as a street by a prior owner under whom plaintiff claimed title. This dedication was denied by plaintiff.   The circuit court refused to award an injunction on the ground that plaintiff had an adequate remedy at law, but on appeal the Virginia Supreme Court awarded an injunction, restraining the removal, until the town, by an appropriate action at law should establish its title, on the ground that the injury threatened an appropriation of the freehold and a destruction of the substance and value of the estate.

The demurrer interposed in the present case should have been overruled, though so far as we know the circuit court did not act thereon.   The bill makes out a good case.   It alleges title and possession in the plaintiff and the acts done and threatened to be done would undoubtedly cause irreparable injury, not only to the particular land occupied by the catch basin but would also injure the residue of the frontage of plaintiff's lands, and if the city has no easement for street purposes over the parcel in controversy, plaintiff is entitled to have the construction of the catch basin perpetually enjoined.   Such acts would constitute a taking of private property for public use without compensation. So we hold that equity has jurisdiction notwithstanding the fact that the city asserts an easement for street purposes over the land in controversy.

The only important question remaining is whether, conceding that the court had jurisdiction, it should have dissolved the injunction and dismissed the bill or should have perpetuated the injunction.   This depends upon the evidence.   When plaintiff's father acquired title to the 87

acres, he acquired the fee to the middle of the 30 foot road along the south side of the farm, subject to the easement for the road.    After a careful review of the evidence, we think that this road as then established included the strip of land in controversy; that this strip was actually used as a part of the travelled way; it is shown that an eight inch gas pipe line was buried in the ground along said road, where this catch basin was being excavated.    It was doubtless laid there by authority from the public; two public sewers cross the street at this point, up to or nearly to plaintiff's old fence line, the outside boundary of the land in dispute.

There is a great deal of conflicting testimony as to the actual boundaries of the original 30 foot road, but we believe the evidence preponderates in favor of the defendants. It is clearly shown that no valid agreement was made between the plaintiff and the city of Charleston establishing the line between her property and Crescent Road.

Plaintiff insists that the decree should be reversed, the injunction be reinstated, and she be given opportunity to amend her bill, showing that she intended instituting an action at law to try the title of said strip of land. She did not ask the circuit court for permission to amend her bill. The cause having been submitted on its merits, and a final adjudication against the plaintiff, we think that she should not be allowed by this court to amend her bill.

Finding no error, we affirm the decree complained of.

*Affirmed.*