# WHEELING.

ELLETT & Co. *v.* REID'S ADM'R *et als.*

BEARD *v.* HENRY *et als.*

Submitted January 15, 1885.—Decided April 4, 1885.

(\*SNYDER, JUDGE, Absent.)

1. When a commissioner is directed by a decree in a creditors' suit to sell lands of the deceased debtor and sells the lands, and the sale is confirmed, and he is ordered to collect the bonds and disburse the money, and the purchaser at the sale, who has executed his bonds, is a creditor, and the commissioner has been ordered to pay him a debt greater than the amount of the purchase-money, the commissioner may offset *pro tanto* the indebtedness for purchase-money on the debt due the purchaser from the estate. (p. 553.)

2. Whether under such circumstances the commissioner may thus offset the indebtedness after notice of assignment of the debt due the purchaser, can not properly be decided in the absence of the sureties on the purchase-money bonds, who are directly interested in the question; and no opinion with reference thereto is here expressed.   (p. 554.)

The facts of the case are stated in the opinion of the Court.

*A. F. Mathews* for appellant.

*Dennis & Dennis* for appellee.

JOHNSON, PRESIDENT:

In the chancery cause of Ellett & Co. *v.* Reid's Administrator *et als.*, in the county court of Greenbrier, A. F. Mathews was appointed a commissioner to collect the debts due the estate, to sell real and personal property of Reid, and to disburse the same to his creditors in said cause.   At the

---
\*Counsel below.

sale Thomas Henry bought two tracts of land formerly owned by said Reid, one of 970 acres and another of 176 acres, at the price of $650.88, for which he executed to said commissioner three bonds. He also bought personal property for which he executed his note for $66.96, and a bond executed to the personal representative of said Reid for $120.65 was handed to the said commissioner by said personal representative. Among the debts credited and allowed in said suit, which the commissioner was to pay out of the proceeds of sale, &c., was one to said Thomas Henry for $1,166.95. It appeared that the commissioner gave Henry credit for what he owed him on the indebtedness of said Henry to the commissioner.

In November, 1881, Samuel Price filed his petition in said cause, in which he represented, that he had purchased two tracts of land sold under decree in said cause and executed three bonds, payable in one, two and three years; that he had paid two of said bonds, and had reduced the third; that he had obtained by assignment from Thomas Henry and John A. Preston debts against the estate of said Reid audited in said cause sufficient, as he believed, to extinguish the balance of said bond; that the sale of the Reid lands was made by Alexander F. Mathews, Esq., and upon the confirmation of his report he was directed to collect the debts and pay the amount over to the creditors of said Reid; that the said commissioner has declined to pay said debts, alleging that he has the right to setoff the debt due from said Henry to him for lands sold to him as commissioner and bought by the said Henry. He denies the right to setoff one against the other, especially as he knew of the assignment to the petitioners at the time and before the set-off was made. He prays, that the commissioner may be required to pay the said debts.

The commissioner Mathews answered the petition and insisted, that he had the right to make the set-off; that he had credited Henry with all the indebtedness of his to him as commissioner and surrendered the notes, had distributed the residue to the assignees of Henry, made prior to that of said Price; that he had cancelled two of said bonds for the purchase-money by crediting said Henry with the amounts

thereof, before he had notice of the assignment to Price. He admits that he had such notice, before he had credited Henry with the amount of the last bond.

M. C. Beard filed his petition, in which he insisted that he was a judgment-creditor of Thomas Henry and by virtue thereof had liens on the real estate of said Henry; that to enforce his liens he had brought his suit, which was then matured and ready for hearing. Petitioner exhibited the record in said suit and prayed that the petition of Price should be heard with his suit.

On November 29, 1881, the cause of *Ellett & Co.* v. *Reid's Administrator et als,* was heard on the papers formerly read, the petition of Price, the answer of Mathews, the petition of Beard and exhibits filed therewith; and the court held "that the bonds executed by Thomas Henry to the commissioner of this court, for lands purchased by him in this cause, or the liens which the commissioner holds on the lands purchased by said Henry have not been so discharged, but that the same can be enforced for the benefit of the petitioner Samuel Price for the amount assigned him by said Thomas Henry out of the fund recovered by said Henry from Reid's estate, which sum amounts as of this date to $767.86." The court further held, that Beard held a lien on Henry's land for the amount of his lien *subject however to the payment of the said debt due* Samuel Price, and appointed a commissioner in said suit of *Ellett & Co.* v. *Reid's Administrator et als.* to sell the lands of Henry. The commissioner sold the property and reported the sale, and on July 10, 1882, *the two cases* came on to be heard together, and the court overruled a motion to rehear the decree of November 29, 1881, and there being no exception confirmed the sale of Henry's lands; by report of which it appeared that the said two tracts of land one of 176 acres and the other of 970 sold for $566.10, and decreed that the said purchase-money be paid to said Price on his debt, and gave a personal decree in favor of said Beard, (for which he already had judgments) against said Henry for $146.37, and then concluded: "And the real estate of said Henry having already been subjected to sale and the proceeds thereof being by this decree applied in satisfaction of the amount decreed to Samuel Price, by the decree in the second of

said causes at the said November term, 1881, which amount and decree in the opinion of the court has preference and priority over said judgment of the said M. C. Beard as to said real estate, and the court is of opinion and doth decide, that the said M. C. Beard can have no relief and is entitled to no decree as prayed for in his said bill against said lands."

From this decree Beard appealed.

It is here insisted by appellee, that Price was entitled to be subrogated to the lien for the purchase-money against the lands of Henry. If Price had paid the money to Mathews, the commissioner, and taken up the purchase-money bonds he might with propriety claim, that he was entitled to stand in the shoes of the commissioner with reference to the lien for purchase-money; but if Henry himself had paid the purchase-money, or it was properly credited on a debt the commissioner was required to pay to Henry, then the purchase-money was paid, and there were no shoes in which Mr. Price could stand in reference thereto. But on this question the Court expresses no opinion. The only question is: Did the commissioner have the right to offset the purchase-money to the demand, which Henry had against the estate of Reid? If he had such right the purchase-money was paid by Henry and the land was liable first to the judgment-lien of Beard. The counsel for appellee says, he thinks the commissioner had the right to offset the purchase-money against Henry's claim against the estate. By this admission he surrenders his cause. But we do not decide the question, whether, if Mathews had received notice of the assignment by Henry to Price of a part of the claim audited and decreed to him, before he credited Henry with the last of the three bonds for purchase-money, as he admits he did, he was justified in so crediting it, as it would be improper to decide this question in the absence of the surety or sureties of Henry on the bonds for the purchase-money as they are directly interested in the question.

There was error committed in ordering the sale of Henry's land in the suit of *Ellett & Co.* v. *Reid's Administrator et als.* The sale should have been ordered, if at all, in the suit of *Beard* v. *Henry.* The court under the pleadings in *Ellett & Co.* v.

*Reid's Administrator et als,* could not enter such a decree. It was foreign to the whole purpose of the suit. The sale was ordered in one suit and confirmed in the two cases heard together.

The decrees of November 29, 1881, and July 10, 1882, are severally reversed with costs to the appellant against the appellee, Samuel Price; and these causes are remanded to the circuit court of Greenbrier county with leave to Samuel Price to amend his petition by stating the facts, as they really exist, and making the surety or sureties of Thomas Henry in the bonds for the purchase-money defendants thereto, and to put the purchaser at the sale *in statu quo,* and to proceed further with these causes according to the principles of this opinion and the rules of equity.

REVERSED. REMANDED.