# CHARLESTON.

Beasley *v.* Town of Beckley.

Submitted January 30, 1886.—Decided March 3, 1886.

1. When in any judicial proceeding in this State it becomes material to inquire, whether a certain city, town or village has been incorporated, or within what county the same is situated, the court, judge or justice, before whom the same is pending, will take judicial notice of the Acts of the Legislature incorporating the same and of the county within which the same is situated. (p. 86.)

2. In a proceeding before the mayor of a city, town or village to recover the fine or penalty imposed for the violation of any of its ordinances it is not necessary, that the warrant should allege, that the offence was committed in the county, within which such city, town or village is situated; it will be sufficient, if it appears, that the offence was committed in such city, town or village. (p. 86.)

3. In a proceeding before the mayor of a city, town or village subject to the provisions of ch. 47 of the Code for the recovery of a fine or penalty imposed for the violation of any of its ordinances, where the offender has been sentenced to imprisonment or to the payment of a fine of $10.00 or more, he is entitled as a matter of right to an appeal to the circuit court upon entering into a recognizance with sufficient surety before the justice to appear before the said court on the first day of the next term thereof to answer for the offence, with which he stands charged, and not to depart thence without leave of the court. (p. 88.)

4. An ordinance of the town of Beckley, which provides, "that no person shall sell, offer or expose for sale any spirituous liquors, wine, porter, ale, beer or drinks of like nature within the town of Beckley without first obtaining authority therefor from the council of the town of Beckley, as prescribed in sec. 23, ch. 47 of

the Code of W. Va. and subsequent acts pertaining thereto," and providing further, "that any person violating said ordinance shall for every offence forfeit not less than $10.00 nor more than $50.00—and be imprisoned *not exceeding thirty days*," is constitutional. (p. 88.)

5. Where a party aggrieved can obtain redress by appeal or writ of error, he will not be allowed the extraordinary writ of *certiorari*. And in cases where he has permitted the time for appeal to expire, *certiorari* will not issue for relief, unless upon special showing, unmixed with any blame or negligence on his part. *Poe* v. *Machine Works*, 24 W. Va. 517.

*J. H. McGinnis* for plaintiff in error.

*J. W. McCreery* for defendant in error.

WOODS, JUDGE:

On the 29th of June, 1882, Robert Beasley was arrested upon a warrant issued by John Beckley, mayor of the Town of Beckley in the county of Raleigh, charging that on the 17th of June, 1882, said Beasley in the said town did sell, offer and expose tor sale, spirituous liquors, wine, porter, ale, beer and drinks of like nature in a certain hotel owned by Mrs. K. C. Beasley and kept by her and himself without a license therefor and in violation of the ordinance of the town of Beckley." On the next day the defendant appeared in person and by counsel, and the case was tried before the mayor, who gave judgment against John Beasley for $50,00 fine and costs but waived the punishment of imprisonment. By the judgment of the mayor, the defendant was given "*one hour*, within which to pay the fine and costs, and on his failure to pay the same at the expiration of that time he was *to go to jail* for the period of *thirty days.*"

On the 11th of July, 1882, in vacation Beasley presented to the judge of the circuit court of Raleigh county his petition verified by his affidavit setting forth the complaint, warrant of arrest and the judgment rendered on the trial thereof, alleging that the judgment was erroneous, because there was no law authorizing the said mayor to impose any such fine, and that any by-law or ordinance authorizing or imposing any such penalty was unconstitutional and therefore void, and because the warrant did not charge that the

sale was made within the jurisdiction of the mayor's court nor mention the county in which the sale took place, and praying for a writ of *certiorari* to cause the matter to be reviewed and considered by the circuit court of Raleigh County. Upon this petition the judge of the circuit court in vacation awarded a rule against the "Town of Beckley," returnable on the first day of the next term of the circuit court of Raleigh county to show cause, why the writ of *certiorari* should not issue.

The Town of Beckley demurred to and answered the rule. For answer it alleged, that the Town of Beckley was in the county of Raleigh, that it was incorporated by an act of the Legislature of West Virginia passed on the 20th of February, 1872, that chapter 47 of the Code was amended and reenacted by chapter 92 of the Acts of 1882; that pursuant to law the Town of Beckley on the 24th of February 1882, passed the following ordinance :

"Be it ordained by the council of the Town fo Beckley, that the ordinance passed January 8, 1879, be so modified and changed as to read thus : That no person shall sell, offer, or expose for sale, spirituous liquors, wine, porter, ale, beer and drinks of like nature within the town of Beckley, or within one mile of the corporate limits thereof, without first obtaining authority therefor from the council of the town of Beckley as prescribed by section 23 of chapter 47 of the Code of West Virginia and subsequent acts of the Legislature pertaining thereto. Any person violating this ordinance shall for every offence forfeit not less than ten nor more than $50.00 and be imprisoned not exceeding thirty days."

It further alleged, that by the authority of said ordinance the mayor of the town upon complaint and information issued his warrant against the defendant, who in person and by counsel appeared before said mayor, and upon the hearing of the warrant the defendant Beasley was found guilty of the offence alleged against him and was fined $50.00 as appears from the proceedings had upon said warrant.

Further answering the Town of Beckley averred, that the *certiorari* ought not to issue, because the said mayor had authority to issue the warrant to have the defendant

brought before him for trial, and upon conviction to render against him the judgment complained of; that the council of the Town of Beckley had power to prescribe and impose reasonable fines, penalties and imprisonment in the county-jail for a term not exceeding thirty days for a violation thereof ; and that it sufficiently appears, that the offence was committed in the county of Raleigh.

On the 25th of October, 1882, the circuit court heard the cause upon the demurrer and answer of the Town of Beckley to the rule, sustained the demurrer and dismissed the rule and denied the writ of *certiorari* prayed for at the costs of Beasley.

From this judgment Beasley has obtained a writ of error and *supersedeas.*

The plaintiff in error has assigned two grounds of error, first, that there was, and is no law authorizing the mayor of the town of Beckley to impose any such fine ; and that any by-law or ordinance of a town imposing any such fine is unconstitutional ; and second, that the warrant of arrest does not charge that the alleged violation was within the jurisdiction of the mayor's court, in that it does not mention any county, in which the alleged sale took place, but simply avers that it was made within the town of Beckley

By the act of the Legislature passed February 20, 1872, it was enacted : "That the place known as Beckley, in the county of Raleigh, be and the same is hereby made a town corporate and a body politic by the name of 'The town of Beckley,' and shall in all respects be subject to the provisions of chapter forty-seven of the Code." This chapter of the Code was amended and reenacted by chapter ninety-two of the Acts of 1882. Among the sections amended which have reference to the question under consideration, are the 28th, 29th, 33d and 39th. By sec. 28 among other powers granted it is declared, that the council of any town subject to the provisions of that chapter " shall have power to prevent the illegal sales of all intoxicating liquors, drinks, mixtures and preparations therein ;" and by sec. 29, such council shall also have power to carry into effect all the powers conferred upon such city, town or village, to make and pass all needful orders, by-laws, ordinances, resolutions, rules and

regulations, not contrary to the constitution and laws of this State, and to prescribe, impose and enact reasonable fines and imprisonments in the county-jail or the place of imprisonment in said corporation, if there be one, for a term not exceeding thirty days for a violation thereof. Such fines, penalties and imprisonments shall be recovered and enforced under the judgment of the mayor of such city, town or village or the person lawfully exercising his functions.

By sec. 23, it was further declared, that "wherever anything, for which a State license is required, is to be done within any such city, town or village, the council thereof may require a license therefor and may impose a tax thereon for the use of the city, town or village. But no license to sell, offer, or expose for sale, any brandy, whisky, rum, gin, wine, porter, ale, beer or any other spirituous, vinous or malt-liquor, or any intoxicating liquor, drink or mixture or preparation whatever within such city, town or village or within one mile of the corporation limits thereof * * * * * shall be authorized or granted except as provided in ch. 32 of the Code."

By section 39, it is further declared that "the mayor shall be the chief executive officer of such city, town or village and shall take care that the * * * ordinances * * * * * * thereof are faithfully executed. He shall be ex officio a justice and conservator of the peace within the city, town or village and shall within the same have, possess and exercise all the powers and perform all the duties vested by law in a justice of the peace, except that he shall have no jurisdiction in civil cases of causes of action arising out of the corporate limits of the city, town or village." * * * "He shall have power to issue executions for all fines, penalties and costs imposed by him, or he may require immediate payment thereof, and in default of such payment he may commit the party in default to the jail of the county, in which such city, town or village is situated, or other place of imprisonment in such corporation, if there be one, until the fine or penalty and costs shall be paid; but the term of imprisonment in such case shall not exceed thirty days."

By sec. 230 of ch. 50 of the Code, as amended by ch. 145 of the Acts of the Legislature of 1883, it is declared that "every person sentenced to imprisonment under that chapter

by the judgment of a justice, or to the payment of a fine of $10.00 or more,    *    *    *    shall be allowed an appeal to the circuit court of the county upon entering into a recog-' nizance before the justice with surety deemed sufficient to appear before the said court on the first day of the next term to answer, &c.    *    *    *    and the court shall pro- ceed to try the case, as upon an indictment, and render such judgment    *    *    *    as the law and evidence may require."

From these statutory provisions it is clear, that the town of Beckley is a municipal corporation within the county of Raleigh in this State. Of all such corporations and of the statutes incorporating the same the courts of the State are bound to take judicial notice. If, in any legal proceeding commenced by such city, town or village, to recover before the mayor thereof any fine or penalty for the violation of any of its ordinances it was necessary to aver on the face of the warrant, that the offence was committed within the county, within which such city or town is situated, that fact sufficiently appears, when the warrant charges that the offence was committed within such city or town. It is a con- tradiction in terms to charge, that an ordinance of a city or town could be violated in any other place than within its corporation limits.

In some instances it might be improper to charge that the offence was committed in a specified county; for if the cor- poration limits should be partly in two adjoining counties, the averment, that the offence was committed in either of the counties, would not only be useless but might be mis- chevious by confining the evidence to the proof of the fact, that the offence was committed within the specified county, and upon failure to prove it the prosecution might fail, although it clearly appeared, that the offence had been committed out- side of such county but within the corporation limits of such city or town. But it is not necessary in any such prosecu- tion for violation of any such ordinance, that the warrant should allege, that the offence was committed within the county, in which the city or town is situated, or that the same was within the jurisdiction of the mayor's court.

Within the corporation limits of any city or town, incor- porated subject to the provisions of ch. 47 of the Code, the

mayor thereof is by virtue of his office a justice and a conservator of the peace. He possesses and may exercise all the powers and perform all the duties vested by law in a justice of the peace in all criminal proceedings. The powers and duties of the mayor within his city or town may be and very often are much more extensive than those exercised by a justice of the peace within his county, as he may by proper proceedings instituted before him enforce all fines and penalties, which such city or town by its ordinances may be authorized to impose on offenders violating the same.

As we have already seen, the council of such city or town may prevent the illegal sales therein of all intoxicating liquors, drinks, mixtures and preparations. One of the modes, in which this is usually done, is to require, that before any person shall within its limits sell, offer or expose for sale any spirituous or malt-liquor, wines or any kind of intoxicating liquors, drinks or mixtures thereof, he shall obtain from such city or town a license to do so, and to enforce this requirement by all needful ordinances, regulations, &c., as are not contrary to the constitution and laws of the State, and to prescribe and impose upon persons violating the provisions thereof reasonable fines, penalties and imprisonments in the county-jail not exceeding thirty days. The proceedings before the mayor for the recovery of these fines and penalties are in all respects proceedings before a justice of the peace; and he is obliged to exercise his powers, to perform his duties and to conform his proceedings, except in so far as may be otherwise prescribed, to the forms in criminal proceedings before justices of the peace, as prescribed by ch. 50 of the Code as amended by ch. 145 of the Acts of 1882.

It will be observed, that while section 39 of ch. 47 of the Code as amended by ch. 92 of the Acts of 1882 declares, that the mayor shall be *ex officio* a justice and have, exercise and perform all the duties of a justice within the city &c., nothing is prescribed as to the manner of his proceedings, leaving him to be guided by the provisions of the statute in relation to justices of the peace.

As we have already seen, section 230, of chapter 50 as amended by said act of 1882, secures to every person sentenced under that chapter to imprisonment or the payment of a

fine of $10.00 or more, (and in no case can a judgment for a fine of less than $10.00 be given by a justice, if the defendant, his agent or attorney objects thereto,) shall be allowed an appeal to the circuit court of the county, where the case shall be tried in the same manner, as if it were an indictment or a presentment for the same offence. He is entitled to this appeal as a matter of right upon entering into a recognizance before the justice for his appearance before the circuit court on the first day of the next term thereof to answer for the offence, with which he stands charged, and not to depart thence without the leave of the court. This requirement is no greater restriction upon his liberty, than what is required in every other case, where a party charged with any misdemeanor is examined thereof before a justice, whose duty requires him, if there is probable ground to believe the accused guilty of the offence, with which he is charged, to compel him to enter into a recognizance to appear at the next term of the circuit court, to answer an indictment, if one be found against him. This requirement is reasonable and just and is necessary to the peace and security of the community. This right to appeal is not thereby impaired or restricted by unreasonable conditions; and when he avails himself of this right, he becomes entitled to a trial by a jury of twelve men in the circuit court with the right to appeal upon a proper case made to this Court. His constitutional right to a trial by a jury thus secured to him has not been invaded or impaired by the summary proceedings instituted against him in the first instance before the mayor. (*Jelly* v. *Dils*, 27 W. Va. 267 ; *Moundsville* v. *Fountain*, 27 W. Va. 182).

But it is further contended by the plaintiff in error, that there was and is no law authorizing the mayor of the Town of Beckley to impose any such fine, and that any by-law or ordinance imposing any such fine is unconstitutional. The statutes already referred to leave no doubt, that the Legislature has conferred upon the town of Beckley authority to pass such an ordinance and to impose such fine and to collect the same in the manner set out in this record ; and there can be no question, that said town did pass the particular ordinance set out in the answer of the Town of Beckley

to the rule awarded against it, and that this ordinance authorized the imposition of a fine not exceeding $50.00 for the commission of the offence charged against the plaintiff in error.

The only remaining ground of alleged error is, that this ordinance is unconstitutional and void. We do not deem it necessary in this case to enter into an extended discussion of this question, as we have recently considered and discussed the same at length in two cases and decided, that the statutes conferring these powers upon municipal corporations do not violate the provisions of our constitution ; and we perceive no reason, why we should now depart from the doctrine announced in these cases. (*Jelly* v. *Dils*; *Moundsville* v. *Fountain*, *supra*).

The defendant in error has raised a question, which must be conclusive of this controversy in its present form, and that is, that the plaintiff in error has mistaken his remedy and has failed to show himself entitled to the writ of *certiorari* prayed for. It seems to us, that upon the facts appearing in this record, this objection is well taken. We have already shown, that if any wrong was done to the plaintiff in error by the judgment complained of, he had an easy, convenient and complete remedy, the appeal provided for by sec. 230 of ch. 50 as amended, upon which he would have been entitled to a trial by a jury with the right in a proper case made to appeal to this Court. No reason is given or suggested for not taking such appeal; and no unreasonable statutory conditions orrestrictions obstructed or hindered him from doing so. The propriety of resorting to a writ of *certiorari*, where the party seeking its aid has failed or neglected to avail himself of his right to an appeal, has been fully considered in this Court in the case of *Poe* v. *Machine Works*, 24 W. Va. 579, in which the authorities on this subject have been fully collated and reviewed ; and the Court held, that "*certiorari* is an extraordinary remedy resorted to for the purpose of supplying a defect of justice in cases obviously entitled to redress and yet unprovided for by the ordinary forms of proceeding;" and the Court then announced the general rule to be, "that when the party aggrieved can obtain redress by appeal or writ of error, he will not be allowed this unusual remedy. And in

cases where he has permitted the time for appeal to expire, *certiorari* will not issue for relief, unless upon a special showing unmixed with any blame or negligence on the part of such party." (*Ridgway* v. *Hinton*, 25 W. Va. 552). In the case under consideration no reason is alleged or shown, why an appeal was not taken. His remedy was by appeal, of which he neglected to avail himself, and he falls within that class, which this Court in *Poe* v. *Machine Works*, *supra*, decided was not entitled to the extraordinary writ of *certiorari*; and therefore the circuit court of Raleigh county properly denied the writ, discharged the rule and dismissed the petition of the plaintiff in error.

The judgment of the circuit court of Raleigh county rendered in this cause October 25, 1882, is therefore affirmed with costs to the appellee and $30.00 damages.

AFFIRMED.