# CHARLESTON

TOWN OF HARPER'S FERRY *v.* KAPLON & BRO.

Submitted September 11, 1905.    Decided December 12, 1905.

1. PUBLIC STREETS—*Dedication—Evidence.*
    A dedication of land by the owner, for the purpose of a public street, may be established by evidence contained in a deed made by such owner to a private person, in which the rights of the public are recognized. (p. 485.)

2. PUBLIC STREETS—*Dedication—Acceptance.*
    As between the owner so dedicating, or his alienees, and the public authority claiming the dedication, the acceptance thereof may be implied from the actual appropriation and use of the land, by such public authority, for the purpose of the dedication. (p. 485.)

Appeal from Circuit Court, Jefferson County.

Bill by the town of Harper's Ferry against V. Kaplon & Bro. Decree for defendants, and plaintiff appeals.

*Reversed.*

J. M. MASON, JR., for appellant.

F. W. BROWN, for appellees.

COX, JUDGE :

The Town of Harper's Ferry filed its bill in the circuit court of Jefferson county against Victor Kaplon and Abraham Kaplon, partners, etc., for the purpose of enjoining them from constructing a building upon a strip of land al-

leged to be a part of a public street, called Church street, in said town, and thereby constituting a nuisance upon such street. The defendants demurred to the bill, and moved to dissolve the injunction, before answering. Upon hearing, a decree was entered by said circuit court sustaining the demurrer, dissolving the injunction, and dismissing the bill. From this decree, plaintiff appeals.

The question to be determined is the sufficiency of the bill. The plaintiff claims a dedication of the strip of land in controversy, to public use. The material allegations to be considered on the question of dedication, other than the description of the strip of land, are as follows:

"Plaintiff complains and says that by virtue of the dedication made by J. C. McGraw and Katie A. McGraw the town of Harpers Ferry had become the owner and possessor of a strip of land in Harpers Ferry, W. Va., lying on the south side of what is known as Church St., described as follows: * * * * * *

"This strip of land was in a measure claimed by J. C. and Katie A. McGraw, as part of lot 48, which was inherited by them from their father, Jas. McGraw, but it was always doubtful whether said strip of land was owned by said J. C. and Katie A. McGraw, as heirs of Jas. McGraw, their father, under the deed from Noah H. Swayne to the said Jas. McGraw, dated the 1st day of August, 1865, and recorded in the office of the clerk of the county court of Jefferson county, in deed book 1, page 182, inasmuch as the deed from the said Noah H. Swayne to the said Jas. McGraw did not fully describe the said lot No. 48, and inasmuch as the town of Harpers Ferry had through its authorities occupied said strip of land, as a part of said Church St. for years, and so the said J. C. McGraw and Katie A. McGraw, as had their father, permitted the town authorities of Harper's Ferry to use said strip of land as a part of Church St. and to improve the same by making a road or sidewalk along said strip of land. And to set at rest the matter and remove all possibility of doubt about the dedication as a matter of record, on the 23rd day of Sept., 1897, J. C. McGraw and Katie A. McGraw made a complete dedication of the whole of said strip of land by so bargaining and covenanting and agreeing with the Right Rev. A. Van de Vyver, the Bishop of Rich-

mond, Va., by a deed dated the 22nd day of Sept., 1897, and recorded in the said county clerk's office in deed book 83, page 513, and thereupon, as the corporation authorities had done before, the corporation proceeded to construct a wall, grade and improve it by putting stone upon said strip of land, and otherwise working and keeping it in order as part of said street, thereby accepting the said strip of land as dedicated to the town as a part of said Church St. The said McGraws made said dedication so complete partially because they were members of the Catholic Church, whereof the Right Rev. A. Van de Vyver was the Bishop, and said McGraws knew that their Catholic Church, which was situated in Harper's Ferry, on Church St., at the point where said strip of land abuts on said street, would be greatly improved by said street being widened at that place, and without said street being made the wider to the extent of said strip of land that the approach to said church would have been greatly disfigured. J. C. and Katie A. McGraw, as had their father before them, had contributed heavily to the building of said Church and to its improvement after it was built.

"Moreover, said lot 48 when so owned by Jas. McGraw and when owned by J. C. McGraw and Katie A. McGraw was a vacant lot and owing to its configuration, was enhanced in value by reason of the said Church St. being made the wider, the said irregular strip (so dedicated) being totally useless as a part of said lot. Said lot fronts on Shenandoah street and runs back to Church St., and its frontage on Church Street is fifty feet higher than its Shenandoah St. frontage.

"J. C. and Katie A. McGraw twelve days after they had executed said deed of dedication made an assignment for the benefit of the creditors, and conveyed their title to lot 48, and in due course said lot 48 was sold under proceedings of the Court and V. Kaplon and Abraham Kaplon, partners as aforesaid, bought said lot in 1898, and a year or two later built a large building on said lot, after having blasted dug out said lot back to the southern edge of said strip."

To constitute a dedication of land by the owner to public use, his acts and declarations must be deliberate, unequivocal and decided, manifesting a positive and unmistakable intention to abandon his property to public use. *Pierpoint* v. *Harrisville*, 9 W. Va. 215; *Boughner* v. *Clarksburg*, 15 W.

Va. 394; *Miller* v. *Aracoma*, 30 W. Va. 606; *Yates* v. *West Grafton*, 33 W. Va. 507; *Hast* v. *Railroad Co.*, 52 W. Va. 396.

Plaintiff alleges an express and positive dedication of the strip of land in controversy, for the purpose of a public street, by deed of record from J. C. and Katie A. McGraw to Right Rev. A. Van de Vyver, dated the 22nd day of September, 1897. This deed was made to an individual, and the appellant is not a party to it by name. It is contended that this deed is not a sufficient dedication to the public. A dedication of land by the owner to the public, for the purpose of a public street, may be established by evidence contained in a deed made by such owner to a private person, in which the rights of the public are recognized. *Riddle* v. *Town of Charles Town*, 43 W. Va. 796; 9 Am. & Eng. Ency. Law, 33 & 37; 13 Cyc. 463. Elliott on Roads and Streets, section 123, says: "The authorities show that dedications have been established in every conceivable way by which the intention of the party could be manifested. If the donor's acts are such as indicate an intention to appropriate the land to public use, then upon acceptance by the public the dedication becomes complete." See, also, *Id.*, sections 124 and 163. This seems to us to be a complete answer to the contention that this is not a dedication to the public. We think the bill sufficiently alleges an express and positive dedication, on the part of the owners, of the strip of land in controversy, to the public for the purpose of a public street.

There are some allegations relating to an implied dedication; but it is not necessary to pass upon their sufficiency, holding as we do that an express dedication is alleged.

As to the acceptance by the plaintiff of such dedication, the bill says: "And thereupon, as the corporation authorities had done before, the corporation proceeded to construct a wall, grade and improve it by putting stone upon said strip of land, and otherwise working and keeping it in order as part of said street, thereby accepting the said strip of land as dedicated to the town as a part of said Church St." No question of the right to charge the town with the duty of keeping the street in repair, or of making it liable for injuries occasioned thereon, is involved. As between the owner dedicating the strip, or his alienees, and the public authority

claiming the dedication, the acceptance thereof may be implied from the actual appropriation and use of the land by such public authority for the purpose of the dedication. *Taylor* v. *Philippi*, 33 W. Va. 554; *Sturmer* v. *County Court*, 42 W. Va. 724; *Riddle* v. *Town of Charles Town, supra; Yates* v. *West Grafton, supra; Jarvis* v. *Town of Grafton*, 44 W. Va. 453; *Hast* v. *Railroad Co., supra; Pence* v. *Bryant*, 54 W. Va. 263.

It is contended that the assignment and conveyance by J. C. and Katie A. McGraw for the benefit of creditors, was recorded before the deed to Van de Vyver; but this, if true, does not appear upon demurrer. The bill alleges that twelve days after the McGraws had executed the deed of dedication they made an assignment and conveyance for the benefit of creditors; but it does not allege that such assignment or conveyance was ever recorded. No paper or exhibit is made a part of the bill which shows whether or not this assignment and conveyance was recorded, or, if recorded, when it was recorded. We do not now decide whether or not the date of the recordation of this assignment and conveyance, if recorded, is material in the final determination of the case, but only that it does not appear upon demurrer.

The bill is also objected to because it does not specifically allege that the plaintiff is a municipal corporation. The courts will take judicial notice of that fact. *Beasley* v. *Town of Beckley*, 28 W. Va. 81. The corporate name of the plaintiff is set forth in full, and that is sufficient. *Snyder* v. *Phila. Co.*, 54 W. Va. 149.

The matter complained of by the bill, viz., the threatened construction of a building by a private person upon a public street, is a proper matter for relief by injunction. *Ralston* v. *Weston*, 46 W. Va. 544; *Pence* v. *Bryant*, 54 W. Va. 263.

It appears to us that the bill is sufficient in law, and that the demurrer should have been overruled.

The decree complained of is reversed, the demurrer to the bill is overruled, and the motion to dissolve the temporary injunction is overruled, and the injunction continued until the further hearing thereof in the circuit court; and this cause is remanded, to be further proceeded with in accordance with the principles herein announced and the rules governing courts of equity.

*Reversed and Remanded.*